UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CARY DUANE CANTWELL, | § | |
| Petitioner, | § § § | |
| v. | § | CIVIL ACTION NO. 6:22-CV-00046 |
| BOBBY LUMPKIN, | § § § | |
| Respondent. | § | |

### MEMORANDUM AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Cary Cantwell ("Petitioner"), proceeding *pro se*, is a Texas Department of Criminal Justice (TDCJ) inmate currently incarcerated at the Stevenson Unit in Cuero, Texas. (Doc. No. 1, p. 2.) Petitioner filed a 28 U.S.C. § 2254 habeas petition against Bobby Lumpkin ("Respondent"), challenging his 2018 conviction of aggravated assault with a deadly weapon. *Id*. The undersigned recommended that Petitioner's action be dismissed with prejudice as time-barred and that a certificate of appealability be denied. (Doc. No. 5.) On April 17, 2023, the district court adopted the recommendation. (Doc. No. 10.) It then entered final judgment and terminated the case. (Doc. No. 11.) Pending before the court is Petitioner's motion, pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend the district court's final judgment denying his motion to vacate his sentence under 28 U.S.C. § 2254. (Doc. No. 12.) This motion has been referred to the undersigned.

Petitioner asserts that, because the court concluded that his petition was time-barred, that the court had effectively "side-stepped" the merits of his claim and did not properly address the grounds asserted in his petition. (Doc. No. 12, pp. 3-5.) The undersigned finds that Petitioner has not adequately supported his Rule 59(e) motion and recommends that this motion be denied.

### A. Legal Standard.

"A Rule 59 motion directed to a procedural ruling that barred consideration of the merits, such as a procedural default, is not considered a "successive" petition and is properly brought as a Rule 59 motion." *Milner v. United States*, No. EP-15-CR-1699-FM-1, 2019 WL 12061523, at *2 (W.D. Tex. July 25, 2019) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 533 (2005)). To prevail on a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), a moving party must show: an intervening change in controlling law; the availability of new evidence not previously available; or a manifest error of law or fact. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A petitioner must attack, "not the substance of the court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceeding." *Gonzalez*, 545 U.S. at 532.

Upon consideration, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). This type of motion is considered an "extraordinary remedy" and is to be used "sparingly," though courts do have "considerable discretion to grant or deny such a motion. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Importantly, Rule 59(e) is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479.

### B. Petitioner has not satisfied the requirements of a Rule 59(e) motion. Therefore, this motion should be denied.

Petitioner does not claim that there has been any intervening change in controlling law or that there was a manifest error of law or fact in connection to the district court's denial of his

habeas petition. Petitioner also fails to demonstrate that there is any new evidence available that was not previously available.

As explained in the accepted memorandum and recommendation, Petitioner's double jeopardy claim is based on his contention that he was found guilty by the jury and then also found guilty by the trial judge at the time of his sentencing. (Doc. No. 5, p. 9.) Petitioner was aware of both events no later than the time of his sentencing on April 11, 2018, so he was aware of other factual predicate for any double jeopardy claim at that time. *Id*. And, Petitioner was aware of the factual predicate for his ineffective assistance claim as well, because his claim is based only on events that occurred at his jury trial. *Id*. at 9-10. Finally, Petitioner's third asserted ground for relief, actual innocence, is based entirely on facts known to Petitioner even before his criminal trial, and his claim does not allege that he discovered any facts (as opposed to legal theories) since the time of his trial that have caused him to realize that he actually did not commit the offense. *Id*. at 10. Based on the foregoing information, it is clear that all of the information Petitioner sets forth now is the same evidence available to him upon the filing of his original habeas petition. Further, Petitioner offers no new evidence discovered after the district court's final judgment in this action.

Accordingly, the undersigned concludes that Petitioner has not met his burden to support a proper motion to alter or amend his judgment. Therefore, the undersigned recommends that this motion be denied.

### C. *No certificate of appealability should issue.*

An appeal may not be taken to the court of appeals from a final order in a habeas proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to

issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability "may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This determination requires an overview of the claims in the petition and a general assessment of their merits. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The district court may deny a certificate of appealability without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

Here, the undersigned recommends that Petitioner's motion to alter or amend his judgment be denied. To qualify for a certificate of appealability, then, Petitioner would need to show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner's habeas petition was untimely, he has not shown entitlement to equitable tolling, and he has not cured this deficiency or otherwise set forth any adequate argument to alter or amend the district court's final judgment. Therefore, the undersigned recommends DENIAL of a certificate of appealability.

### D. Recommendation.

For the foregoing reasons, the undersigned recommends that Petitioner's motion to amend or alter his judgment (Doc. No. 12) be **DENIED**. The undersigned further recommends that Petitioner be **DENIED** a certificate of appealability.

### E. Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **14 DAYS** after being served with a copy of the Memorandum and

Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **14 DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on May 12, 2023.

MITCHEL NEUROCK
United States Magistrate Judge